# BANHOLZER v. NEW YORK LIFE INSURANCE COM-PANY.

### ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 277.   Argued and submitted April 27, 1900.—Decided May 28, 1900.

This case is dismissed for want of jurisdiction, as the Supreme Court of Minnesota did not deny the validity of the New York statute with regard to insurance, but only construed it, and even granting that its construction was erroneous, faith and credit were not denied to the statute.

THIS action was brought in the District Court of the Second Judicial District of the State of Minnesota upon a life insurance policy for $20,000, issued by defendant in error to William Banholzer, husband of the plaintiff in error, dated the 16th of September, 1895, payable upon the death of Banholzer to plaintiff in error, or to Banholzer himself on the 16th of September, 1915, if he should be living then.

The premiums were to be paid annually in advance on the 16th day of September of every year, until twenty full years' premiums should be paid.

The first premium was paid, which continued the policy in force until the 16th of September, 1896.

The policy contained the following provisions:

"If any premium is not paid on or before the day when due, this policy shall become void, and all payments previously made. shall remain the property of the company, except as hereinafter provided.

"A grace of one month will be allowed in payment of subsequent premiums after this policy shall have been in force three months, subject to an interest charge at the rate of five per cent per annum for the number of days during which the premium remains due and unpaid.   During the month of grace this policy remains in force, the unpaid premium, with interest, as above, remains an indebedtedness to the company, which will be deducted from the amount payable under this policy if the death of the insured shall occur during the month."

On the 6th day of October, 1896, Banholzer paid the defendant the sum of $286 in cash, and executed and delivered to the defendant the following note:

"St. Paul, Minn., 9–16, 1896.

"Without grace, six months after date, I promise to pay to the order of the New York Life Insurance Company, eight hundred and sixty dollars, at Second National Bank, St. Paul, Minn. Value received, with interest at the rate of five per cent per annum.

"This note is given in part payment of the premium due 9–16–'96, on the above policy, with the understanding that all claims to further insurance and all benefits whatever which full payment in cash of said premium would have secured, shall become immediately void and be forfeited to the New York Life Insurance Company, if this note is not paid at maturity, except as otherwise provided in the policy itself.

(Signed)      "WILLIAM BANHOLZER."

The following receipt was given for the note:

"St. Paul, Minn., 10–6–'96.

"Note six months, after date 9–16–'96, due 3–16–'97, without grace, made by William Banholzer, payable at Second National Bank, St. Paul, Minn. Received from the owner of policy No. 692,465, $286 in cash, and his note at six months for $860, which continues said policy in force until the 16th day of September, 1897, at noon, in accordance with its terms and conditions, provided the above note is paid at maturity, and this receipt is signed by

"J. A. CAMPBELL, *Cashier.*"

The note matured March 16, 1897, when it was surrendered to Banholzer, and he paid to the defendant $241.50 in cash, and executed and delivered to the defendant a new note in terms exactly similar to the first note, except that it was payable in sixty days from date. This note was never paid.

On May 28, 1897, Banholzer was taken sick, and died on July 5, 1897.

On June 18, 1897, Banholzer, through his attorney, sent a

draft to the defendant for the sum of $690, being the amount due on the note of March 16 of that year, in tender of its payment. The defendant returned the draft, writing by its comptroller that " as policy No. 692,465 — Banholzer — stands lapsed on the books of the company for non-payment of the note described above, we return herewith the draft forwarded in your letter of above date. We shall thank you for an acknowledgment of this enclosure. When writing please refer to this letter by file number."

By the application for the policy the latter was to be construed according to the laws of New York. The statute which is claimed to be applicable is inserted in the margin.[1]

The notice required by the statute was duly given more than fifteen and less than forty-five days prior to September 16, 1896, but no notice was given prior to the maturity of the notes, except the ordinary bank notice.

---

[1] No life insurance corporation doing business in this State shall declare forfeited or lapsed any policy hereafter issued or renewed, and not issued upon the payment of monthly or weekly premiums, or unless the same is a term insurance contract for one year or less, nor shall any such policy be forfeited or lapsed by reason of non-payment when due of any premium, interest or instalment or any portion thereof required by the terms of the policy to be paid, unless a written or printed notice stating the amount of such premium, interest, instalment or portion thereof due on such policy, the place where it should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is insured or the assignee of the policy, if notice of the assignment has been given to the corporation, at his or her last known post office address, postage paid by the corporation or by an officer thereof or person appointed by it to collect such premium, at least fifteen and not more than forty-five days prior to the day when the same is payable.

The notice shall also state that unless such premium, interest or instalment or portion thereof then due shall be paid to the corporation or to a duly appointed agent or person authorized to collect such premium, by or before the date it falls due, the policy and all payments thereon will become forfeited and void except as the right to a surrender value or paid-up policy, as in this chapter provided.

If the payment demanded by such notice shall be made within its time limited therefor, it shall be taken to be in full compliance with the requirements of the policy in respect to the time of such payment, and no such policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice. Laws 1892, c. 690, § 92.

The insurance company has not returned the note of March 16, 1897, and the record does not show that it has ever been demanded.

By stipulation of the parties, the printed record in *Conway* v. *Phenix Mutual Life Insurance Company*, 140 N. Y. 79, together with briefs of counsel, were made part of the record, as though they had been introduced in evidence, and it was also stipulated that they should be certified to this court.

At the close of the plaintiff's testimony the case was dismissed. Subsequently a motion for a new trial was made and denied, and an appeal was then taken to the Supreme Court of the State, which affirmed the decision of the trial court. A re-argument was granted, and the court adhered to its opinion. 74 Minn. 387.

The case is here on writ of error, and defendant in error moves to dismiss for want of jurisdiction, or to affirm the judgment.

*Mr. Christopher Dillon O'Brien* for plaintiff in error submitted on his brief.

*Mr. George C. Squiers* for defendant in error. *Mr. F. W. M. Cutcheon* was on his brief.

MR. JUSTICE MCKENNA, after stating the case, delivered the opinion of the court.

The case is here on a single question. The counsel for plaintiff in error says:

"While originally other questions were raised by the plaintiff they were determined adversely to her and her case made to stand or fall solely upon the interpretation of the New York statute, and the question now before this court is, did the court below in the case at bar give to the statute such full faith and credit as is secured to it by the Constitution of the United States."

That question, therefore, is made the ground of our jurisdiction. The defendant in error challenges its sufficiency, and

moves to dismiss because the Supreme Court of Minnesota did not deny the validity of the New York statute, but only construed it, and, even granting the construction was erroneous, faith and credit were not denied to the statute. *Glenn* v. *Garth*, 147 U. S. 360, and *Lloyd* v. *Matthews*, 155 U. S. 222, are cited.

Those cases sustain the distinction which defendant in error makes, and the deduction from it, and our inquiry will therefore be: Did the Supreme Court of the State of Minnesota deny the validity of the New York statute or only consider its operation and effect? The claim of the defendant in error is that each of the notes was an "instalment or portion of the premium," and that, therefore, the Supreme Court of Minnesota, in holding that the notice prescribed by section 92 was not necessary to be given prior to the maturity of the notes, denied full faith and credit to the statute.

We dispute the conclusion without passing on the premises. The ruling was a construction of the statute, not a denial of its validity, and that the court meant no more, and meant to follow, not oppose, the decisions of the State, is evident from its opinions.

The first opinion was put on the authority of *Conway* v. *Insurance Co.*, 140 N. Y. 79, on the assumption that its facts were not different from those of the case at bar. In the second opinion the construction of the New York statute was considered as *res integra*, and it was held that "the notice required by it was not applicable to the notes given by Banholzer for part of the September premium."

In the first opinion, the contention that the "premium notice" required by the statute applied to the note, which fell due March 16, 1897, and that the policy could not be forfeited without such notice, the learned justice who spoke for the court said:

"Even if the question was *res nova*, I am clearly of the opinion that, upon the facts, this statutory provision has no application to this note. But as my brethren do not agree with me in this, it would be useless for me to enter into any discussion of the reasons for my opinion. The parties mutually agreed

that this should be deemed a New York contract and construed according to the laws of that State. The decisions of the highest court of that State as to the construction of such a contract and of the statutes of New York must, therefore, be accepted as conclusive upon the parties. In *Conway* v. *Insurance Co.*, 140 N. Y. 79, upon a state of facts and under a statute which, in our opinion, are in no way distinguishable from those involved in the present case, the Court of Appeals held that the notice required by statute did not apply to the notes; that the company having served that notice before the premium became due, no further notice was required. Counsel for the plaintiff do not claim that the facts of the two cases are in any respect distinguishable, but they seek to draw a distinction between the language of the statute considered in the *Conway* case and the statute applicable to the present case. The statute under consideration in the former was Laws of N. Y., 1876, ch. 341, as amended by Laws, 1877, ch. 321; the statute applicable to the present case is Laws of N. Y., 1892, ch. 690, sec. 92. This last act appears to be a compilation and revision of all the insurance laws of the State, and section 92 but an embodiment (with certain amendments) of the provisions of the act of 1876 as amended in 1877. We have compared the language of the two acts, and are unable to discover any difference between them that at all affects the question now under consideration.

"Even if 'the one month's grace' allowed by the policy for the payment of the premium was applicable to the notes, (which I do not think is,) that fact would not aid the plaintiff, for the insured did not offer to pay the last note until thirty-three days after it matured."

In the second opinion the court said that it had overlooked that counsel had claimed the case to be distinguishable on the facts from the *Conway* case; but on reëxamining the *Conway* case it further said that the question of notice might have been disposed of on the ground of want of power of the agent of the insurance company to accept a note—

"But we are now equally well satisfied that in what the court said on the subject of notice in the last part of the opinion it intended to and did decide the question upon the assumption

that the company was bound by the agent's acceptance of a time note for the premium. This is made quite clear to our minds from an examination of the record and briefs in the case, copies of which have been furnished us by counsel for the defendant.

" While this shows the views of the Court of Appeals upon the construction of the statute, the doubt in our minds is whether, under the circumstances, it is a decision of the question which is binding on us. See *Carroll* v. *Carroll*, 16 How. 275–286 and 287.

" We shall not decide that question, as we are satisfied that if the construction of the New York statute is to be considered as *res integra* the notice required by it was not applicable to the notes given by Banholzer for part of the September premium. The statute was no doubt enacted for the benefit of the insured, recognizing the fact that they were very often people who were neither experts nor systematic in business matters, and therefore liable to overlook or forget the due days of their premiums according to the terms of their policies, issued perhaps years before, laid away and seldom examined or referred to. And while courts are usually liberal in protecting the assured against forfeitures, this is always done in the interest of justice, and is no reason why any strained or forced construction should be placed upon this statute which would be unreasonable or operate oppressively upon the insurers or which was not within the legislative intent."

The plaintiff in error, however, assails the conclusions of the court. It asserts the court erred in its construction of the *Conway* case, and erred in its independent construction of the New York statute.

Granting, *arguendo*, the correctness of both assertions, the validity of the statute was not denied. Its validity and authority were declared and its meaning was first sought in a decision of the New York courts, and then confirmed by an independent case and construction.

We think, therefore, that the cases of *Glenn* v. *Garth* and *Lloyd* v. *Matthews*, *supra*, apply, and on their authority the action should be

*Dismissed for want of jurisdiction.*