# JOHNSON *v.* NEW YORK LIFE INSURANCE COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

No. 87. Argued November 12, 1902.—Decided January 5, 1903.

1. A party claiming a title, privilege or immunity under the Constitution of the United States within the third clause of § 709 of the Revised Statutes, which must be specially set up and claimed by the party seeking to take advantage of it, but which cannot be set up in any pleading anterior

to the trial, must make the claim either on the motion for new trial or in the assignments of error filed in the Supreme Court of the State. It is insufficient, if it first appears in the petition for a writ of error from this court.

2. Where the courts of one State fully consider a statute of another State and the decisions of the courts of that State construing it, and the case turns upon the construction of the statute and not upon its validity, due faith and credit is not denied by one State to the statute of another State, and the manner in which the statute is construed is not necessarily a Federal question.

THIS was an action upon a policy of insurance upon the life of Frank C. Johnson, dated December 27, 1890, whereby the defendant insured his life in the sum of $25,000 for the benefit of his executors, administrators or assigns. This policy was assigned to the plaintiff in 1895, and on September 28, 1896, Johnson died. The annual premium was fixed at $1060, payable in advance on November 11 of each year. There was the usual provision for forfeiture in case of non-payment of premiums. The premium was paid on November 11, 1892, but no payments were made thereafter. After Johnson's death, and on February 20, 1897, plaintiff tendered the past due premiums with interest thereon, which defendant refused to accept, and this action was begun.

The insurance company was incorporated under the laws of the State of New York, the policy was issued in that State, and the application contained an agreement that the contract contained in such policy and in the application should be construed according to the laws of the State of New York—the place of said contract being agreed to be the home office of the company in the city of New York.

Plaintiff, in reply to the defence of non-payment of premiums, relied upon the statute of 1877 of the State of New York, which we have heretofore had occasion to consider in several cases, and which provided that "no life insurance company doing business in the State of New York shall have power to declare *forfeited or lapsed* any policy hereafter issued or renewed by reason of non-payment of any annual premium or interest, or any portion thereof," except upon a written notice to the insured stating the amount of the premium due on the policy, the

place where it should be paid; and the person to whom the same was payable, with the further proviso that "no such policy shall in any case be forfeited . . . or lapsed until the expiration of thirty days after the mailing of such notice."

There was, however, in the State of New York another statute, commonly known as the net reserve law, giving to holders of life insurance which had been in force three full years the benefit of the net reserve on their lapsed or forfeited policies, by extending the life of the policy beyond the time of the default.

The policy in question contained a stipulation that "if this policy shall lapse, or become forfeited for the non-payment of any premium, after there have been paid thereon three full premiums, . . . a paid-up policy will be issued, on demand made, within six months after such lapse with surrender of this policy, under the same conditions as this policy, except as to payment of premiums . . . for such an amount as the net reserve on this policy at the time of lapse, computed by the American table of mortality, and interest at $4\frac{1}{2}$ per cent, after deducting all indebtedness to the company, will purchase as a single premium, at the present published rates of the company, at the age of the insured, at the time of lapse."

On December 10, 1892, about two years after the policy was issued, Johnson requested the defendant, in writing, to extend to his policy "the benefits of its accumulation policy." In reply, the company issued a policy or certificate, extending to his policy the benefits of the accumulation policy plan, and providing that "after this policy shall have been in force three full years, in case of non-payment of any premium subsequently due, and upon the payment within thirty days thereafter to the company of any indebtedness to the company on account of this policy: 1, the insurance will be extended for the face amount, as provided in the table below; or, 2, on demand made within six months after such non-payment of such premium dues with surrender of this policy, paid-up insurance will be issued for the reduced amount provided in said table; or, 3, the policy will be reinstated within the said six months upon payment of the overdue premium, with interest at the rate of

five per cent per annum, if the insured is shown to the company to be in good health, by a letter from a physician in good standing." By the "table" above mentioned it was provided that if the premiums were paid to November 11, 1893, the insurance would be extended to May 11, 1896.

In this connection the company insisted that the thirty days' notice law of New York had no application to the contract involved, because the policy sued upon was, at the request of the assured, converted into a paid-up policy for a fixed term, which term expired before the assured died.

Construing the certificate which extended to the original policy the benefits of the accumulation policy plan of the company, the Supreme Court of Iowa held "that the clause of the original policy providing for its forfeiture for the non-payment of premiums was so far modified and changed that upon such failure the policy became a paid-up contract for the amount of the original insurance for a certain and definite term. On demand of the assured within a fixed period after default, he was given certain other options; but in default of such demand the term insurance, as stated, took effect. No such demand was made by Johnson. There was no forfeiture of Johnson's life contract, as appellee insists. By the terms of the agreement which he made, his life contract, upon his default in the payment of the premium due November 11, 1893, became transmuted into a paid-up policy for a term ending May 11, 1896. . . . The benefits of that statute" (for thirty days' notice) "were given only to policies which had *lapsed or been forfeited* for non-payment of premium, debt, or interest; and the notice had to be given, to effect this forfeiture or fix such lapse. After the default, the life contract continued in force until it was determined according to the statute. . . . In the case at bar, under the modified contract, immediately on default in payment of the premium of 1893 the policy became a paid-up contract for a term; and, if the assured had died within such term, plaintiff could recover without payment of the defaulted premiums. Here the life contract did not run beyond the default day. No act of the company was necessary to put the term insurance in force. It went into effect by reason of the con-

tract. . . . Adopting an illustration of the learned trial judge, if Johnson had died on May 10, 1896, plaintiff could have recovered the full face of this policy, without any further payment being required of her. . . . The notice is required only when it is sought to declare the contract *forfeited or lapsed.* . . . Our conclusion is that this was a policy for a term that expired before Johnson's death, and therefore plaintiff has no right of recovery." 109 Iowa, 708.

*Mr. Constantine J. Smyth* for plaintiff in error.

*Mr. James H. McIntosh* for defendant in error. *Mr. George W. Hubbell* and *Mr. Frederic D. McKenney* were with him on the brief.

Mr. Justice Brown, after making the foregoing statement, delivered the opinion of the court.

This case must be dismissed for two reasons.

1. Plaintiff relies for a reversal upon the fact that full faith and credit were not given to the law of the State of New York requiring a notice of thirty days before the forfeiture of any insurance policy, which was pleaded in the case. This however is a title, right, privilege or immunity claimed under the Constitution of the United States, within the third clause of Rev. Stat. sec. 709, which must be "specially set up and claimed" by the party seeking to take advantage of it. Conceding that it was unnecessary to set it up in any pleading anterior to the trial, since it could not be claimed that the right had been denied to her until the trial took place, it was clearly her duty to make the claim either on the motion for a new trial, or in the assignments of error filed in the Supreme Court of the State. In neither does it appear, nor is there any allusion to it in the opinion of the Supreme Court. It first appears in the petition for a writ of error from this court. This is clearly insufficient.

2. The Supreme Court of Iowa did not fail to give due faith and credit to the notice law of New York, since it was fully

considered, and the decision of the state courts of New York were called to its attention and cited in its opinion.  The court held that notice is required by that statute only as a basis for declaring a forfeiture or lapse of a policy for non-payment of premium or interest, and that the law had no application, because it was a non-forfeitable policy of term insurance, which had expired by limitation before the insured died.  Whether the Supreme Court of Iowa was correct in its construction of the applicability of the New York notice statute to this policy was immaterial, since it did not deny the full faith and credit due to the New York law, but construed it as not applying to the policy in this case.  The case is covered by that of *Banholzer* v. *New York Life Insurance Co.*, 178 U. S. 402, and in principle by *Glenn* v. *Garth*, 147 U. S. 360 ; *Lloyd* v. *Matthews*, 155 U. S. 222.  To hold otherwise would render it possible to bring to this court every case wherein the defeated party claimed that the statute of another State had been construed to his detriment.

The validity of the New York statute was not called in question.  The case turned upon its construction.  This was not a Federal question.  *Commercial Bank* v. *Buckingham*, 5 How. 317 ; *Baltimore &c. R. R. Co.* v. *Hopkins*, 130 U. S. 210.

The writ of error is

*Dismissed.*

Mr. Justice White and Mr. Justice McKenna dissented.