## ALLEN v. ALLEGHANY COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW JERSEY.

No. 119.  Argued January 11, 1905.—Decided February 20, 1905.

The mere construction by a state court of a statute of another State and its operation elsewhere, without questioning its validity, does not necessarily involve. a Federal question, or deny to the statute the full faith and credit demanded by § 709, Rev. Stat., in order to give this court jurisdiction to review.

The statutes of New York and Pennsylvania prohibit foreign corporations from doing business in those States respectively unless certain specified conditions are complied with.   In an action in New Jersey the state court held that contracts made in New York and Pennsylvania by a corporation which had not complied with the statutes of either State were not *ipso facto* void and might be enforced in New Jersey.   On writ of error *Held:* that

The writ must be dismissed as the validity of the New York and Pennsylvania statutes was not denied but the case turned only upon their construction and the effect to be given them in another State.

Whether, aside from a Federal question, the courts of one State should have sustained the action upon principles of comity between the States is a matter within the exclusive jurisdiction of the state court.

THIS was a suit begun in the Supreme Court of New Jersey by the Alleghany Company, to recover the amount due upon a promissory note dated at New York, July 16, 1900, given by the plaintiffs in error, under the firm name of I. N. E. Allen & Co., for $1,989.54, upon which payments amounting to $1,000 were endorsed.   The declaration was upon the common counts, but annexed was a copy of the note, with a notice that the action was brought to recover the amount due thereon. The defendants pleaded four several pleas:

1. General issue.

2. That the note was executed and delivered in the State of New York to the plaintiff. company, a business corporation created under the laws of North Carolina.   That when said note was executed and delivered it was provided by the statute of the State of New York that:

"No foreign corporation . . . shall do business in this State without having first procured from the Secretary of State a certificate that it has complied with all the requirements of law to authorize it to do business in this State, and that the business of the corporation to be carried on in this State is such as may be lawfully carried on by a corporation incorporated under the laws of this State. . . . No foreign stock corporation doing business in this State shall maintain any action in this State, upon any contract made by it in this State until it shall have procured such certificate."

The plea further averred that at the time of the making of the note the plaintiff was a business stock corporation, foreign to the State of New York, and had not theretofore procured from the Secretary of State a certificate that it had complied with all the requirements of the law to authorize it to do business within the State, and that the business of said plaintiff was such as might be lawfully carried on by a corporation incorporated under the laws of said State for such or similar business, according to the form of the statute of New York in such case made and provided.

3. The third plea sets out that the note was made and executed in the State of Pennsylvania to the plaintiff company, a foreign corporation created under the laws of North Carolina.

That when said note was executed and delivered it was provided by the State of Pennsylvania that—

"1. No foreign corporation shall do any business in this Commonwealth until said corporation shall have established an office or offices and appointed an agent or agents for the transaction of its business therein. 2. It shall not be lawful for any such corporation to do any business in this Commonwealth, until it shall have filed in the office of the Secretary of the Commonwealth a statement under the seal of said corporation, and signed by the president or secretary thereof, showing the title and object of said corporation, the location of its office or offices, and the name or names of its authorized

agent or agents therein; and the certificate of the Secretary
of the Commonwealth, under the seal of the Commonwealth,
of the filing of such statement shall be preserved for public
inspection by each of said agents in each and every of said
offices. 3. Any person or persons, agents, officers or em-
ployés of any such foreign corporation, who shall transact
any business within this Commonwealth for any such foreign
corporation, without the provisions of this act being complied
with, shall be guilty of a misdemeanor, and upon conviction
thereof shall be punished by imprisonment, not exceeding
thirty days, and by a fine not exceeding one thousand dollars,
or either, at the discretion of the court trying the same."

The plea further averred that at the making of the note
the plaintiff was a corporation foreign to the said Common-
wealth, and had not theretofore filed in the office of the Secre-
tary a statement showing the title and object of said plaintiff,
the location of its office, and the name of its authorized agent
therein, according to the form of said statute; yet notwith-
standing the premises, the plaintiff at the time of the making
of the said note did business in the said Commonwealth of
Pennsylvania, contrary to the form of the said statute.

The plaintiff demurred to the second and third pleas, and
the demurrer being overruled, the cause was sent down to the
Circuit Court of Hudson County for trial on an issue of fact
raised by the fourth plea, which is not material here.

The trial judge there directed a verdict for the plaintiff,
and upon appeal to the Court of Errors and Appeals of New
Jersey the judgment of the lower court was affirmed. 69
N. J. Law, 270.

Mr. Alexander S. Bacon for plaintiffs in error, cited in support
of the jurisdiction: Finney v. Guy, 189 U. S. 335; Manley v.
Park, 187 U. S. 547; Chicago &c. R. R. v. Ferry Co., 119 U. S.
615; United States v. Alger, 152 U. S. 384, distinguished;
Johnson v. N. Y. Life Ins. Co., 187 U. S. 491; and as to comity.
Hilton v. Guyot, 159 U. S. 113; Snashall v. Met. R. R. Co., 12

D. C. App. 319; 22 Am. & Eng. Ency. Law, 2d ed., 1319; *Brently* v. *Whittemore*, 4 C. E. Green Eq. 462; *Watson* v. *Murray*, 8 C. E. Green, 257; Story on Conflict of Law, § 243; *Hoyt* v. *Thompson*, 5 N. Y. 320, 340; *Manufacturing Co.* v. *Truxton*, 44 Atl. Rep. 430, and cases cited; *Bank* v. *McLeod*, 38 Ohio St. 174.

*Mr. James A. Gordon* for defendant in error:

This court has no jurisdiction. Full faith and credit were given by the New Jersey court to the statutes of the States of New York and Pennsylvania. The case turned upon the construction of these statutes. Their validity was not called in question. *Johnson* v. *N. Y. Life Ins. Co.*, 187 U. S. 491; *Bauholzer* v. *N. Y. Life Ins. Co.*, 178 U. S. 402; *Lloyd* v. *Matthews*, 155 U. S. 222; *Glen* v. *Garth*, 147 U. S. 360.

Under the New York statute, a contract made in New York by a foreign corporation, not complying with the provisions of the act, cannot be enforced in that State, but the statute does not make the contract void, or prevent its enforcement in any other court.

The New Jersey court fully considered this statute and construed it after referring to the decisions of the New York Court of Appeals and other decisions which seemed in point, and which are cited in the opinion of the Court of Errors.

See cases cited in the opinion and *Fritz* v. *Palmer*, 132 U. S. 282. Whether the state court construed the statute correctly is not subject to review in this court.

The third plea, which sets up the Pennsylvania statutes, fails to allege that the note upon which this suit is founded had any connection with business unlawfully transacted in Pennsylvania, within the meaning of the statute, and for this reason the New Jersey court sustained the demurrer to this plea.

The Court of Errors gave the Pennsylvania statute the same construction given to it by the Pennsylvania courts, but decided that the plea did not contain sufficient allegations of fact to bring the note in suit, within the prohibition of the statute.

The decision of the New Jersey court was correct, but on this question of pleading, the decision of the state court is not reviewable in this court.

The statutes pleaded have no extra territorial effect, except upon principles of comity; and the plaintiffs in error, on the argument before the New Jersey Supreme Court, having disclaimed that the principles of comity were involved in the case, cannot now rely upon them.

MR. JUSTICE BROWN, after making the foregoing statement, delivered the opinion of the court.

The defendants, plaintiffs in error here, pleaded that the note upon which suit was brought was executed in the State of New York, and that under the laws of that State no foreign corporation could do business there without a certificate of the Secretary of State that it had complied with all the requirements of law to authorize it to do business there; and that no such corporation could maintain any action in that State unless, prior to the making of such contract, it had procured such certificate; that plaintiff was a foreign corporation within the meaning of the law, and had not procured a certificate.

The third plea was similar in terms, averring the note to have been made in Pennsylvania, whose statutes provided that foreign corporations should do no business in the State without filing a certain statement in the Secretary's office and procuring the certificate of the Secretary of the Commonwealth, and further providing that the agent of any foreign corporation transacting business within the State, without complying with the provisions of the law, should be deemed guilty of a misdemeanor. The plea also averred non-compliance with those provisions.

Both the Supreme Court and the Court of Errors and Appeals held that a contract made in contravention of these statutory regulations, though not enforcible in the courts of

New York and Pennsylvania, was not *ipso facto* void, and might be, notwithstanding such statutes, enforced in New Jersey.

Plaintiffs in error insist that by this ruling full faith and credit was denied by the courts of New Jersey to the statutes of New York and Pennsylvania, in contravention to section 1, Article IV, of the Constitution.

By section 709 of the Revised Statutes, authorizing writs of error to the state courts, it is declared that final judgments, where is drawn in question the *validity* of a statute of any State, or any authority exercised under any State, on the ground of their being repugnant to the Constitution, etc., and the decision is in favor of their validity, may be reëxamined here.

But the validity of these statutes was not denied. The case turned upon their construction and the effect to be given to them in another State. The New York statute directly, and the Pennsylvania indirectly, forbade the maintenance of actions "in this State." The Pennsylvania statute made it a misdemeanor to transact business without complying with the law. Neither statute declared the contract so made to be void, and it was apparently upon this ground that the New Jersey courts held that the case did not fall within those decisions, wherein it is declared that a contract void by the *lex loci contractus* is void everywhere.

In several cases we have held that the construction of a statute of another State and its operation elsewhere did not necessarily involve a Federal question. The case is practically governed by that of the *Chicago & Alton R. R.* v. *Wiggins Ferry Co.*, 119 U. S. 615. In that case suit was brought in a state court by the ferry company against the railroad to recover damages for not employing the ferry company for the transportation of persons and property across the river, as by its contract it was bound to do. The defendant pleaded that it had no power to make the contract; that the same was in violation of the laws of Illinois, contrary to the public policy

thereof and was void. The statutes were put in evidence, but their construction and operative effect were disputed. The Supreme Court of the State held that the contract was interpreted correctly by the court below, and that it was not *ultra vires*, contrary to public policy, or in restraint of trade. It was argued here by the railroad company that by law and usage of Illinois, the charter of the company in that State made the contract *ultra vires*. 'We held that the law of Illinois to that effect should have been proved as a fact, either by decisions of its courts or by law or usage in that State; that state courts are not charged with a knowledge of the laws of another State; but they have to be proved, and that while Federal courts exercising their original jurisdiction are bound to take notice of the laws of the several States, yet this court, when exercising its appellate jurisdiction from state courts, whatever was the matter of fact in that court is matter of fact here, citing *Hanley* v. *Donoghue*, 116 U. S. 1. We said: "Whether the charter of this company, in its operation on the contract now in suit, had any different effect in Illinois from what it would have, according to the principles of general law which govern like charters and like contracts, in Missouri and elsewhere throughout the country, was, under this rule, a question of fact in the Missouri court, as to which no testimony whatever was offered."

No proof having been offered to support the averment that the contract was in violation of the laws of Illinois, the defense relying on the general claim that the contract was illegal, it was held that no Federal question was involved, and the case was dismissed. It was said that it should have appeared on the face of the record that the facts presented for adjudication made it necessary for the court to consider the act of incorporation in view of the peculiar jurisprudence in Illinois, rather than the general law of the land.

Since the above case we have repeatedly held that the mere construction by a state court of a statute of another State without questioning its validity, does not, with possibly some

exceptions, deny to it the full faith and credit demanded by the statute in order to give this court jurisdiction. *Glenn* v. *Garth*, 147 U. S. 360; *Lloyd* v. *Matthews*, 155 U. S. 222; *Banholzer* v. *New York Life Insurance Co.*, 178 U. S. 402; *Johnson* v. *New York Life Ins. Co.*, 187 U. S. 491; *Finney* v. *Guy*, 189 U. S. 335.

The Court of Errors and Appeals, conceding the general rule both in New Jersey and New York to be that a contract, void by the law of the State where made, will not be enforced in the State of the forum. *Columbia Fire Insurance Co.* v. *Kenyon*, 37 N. J. Law 33 and *Hyde* v. *Goodnow*, 3 N. Y. 266 held that the state statute of New York did not declare the contract void, and that there was no decision in that State holding it to be so. In fact the only case in the Court of Appeals in New York, *Neuchatel Asphalte Co.* v. *Mayor*, 155 N. Y. 373, is the other way. The Court of Appeals in that case held that the purpose of the act was not to avoid contracts, but to provide effective supervision and control of the business carried on by foreign corporations; that no penalty for non-compliance was provided, except the suspension of civil remedies in that State, and none others would be implied. This corresponds with our rulings upon similar questions. *Fritts* v. *Palmer*, 132 U. S. 282.

With respect to the Pennsylvania statute, the court held that, although the Pennsylvania courts had held that a contract made in violation of the Pennsylvania statute was void, yet that the third plea did not contain allegations which showed that the note was given in pursuance of business carried on in Pennsylvania, and not in consummation of a single transaction; and although it was averred that plaintiff did business in that State, it was not averred that the note had any connection with the business carried on in Pennsylvania, or that it was given for goods sold in Pennsylvania. The admitted averments may be true, and yet the note may have been given for an obligation contracted out of the State of Pennsylvania, and consequently, not in violation of its laws.

Construing the third plea most strongly against the pleader, the conclusion was that it disclosed no defense in the action. This was purely a local question, and is not assignable as error here.

Whether, aside from the Federal question discussed, the courts of New Jersey should have sustained this action upon principles of comity between the States, was also a question within the exclusive jurisdiction of the state court. *Finney* v. *Guy*, 189 U. S. 335.

The writ of error must, therefore, be

*Dismissed.*