# THE SPOOL COTTON CO.

## *v.*

## GANDIA ET AL.

San Juan, Equity, No. 1052.

FOREIGN CORPORATION.

Practice—Firm and Partners.

    1. In an equity suit in Porto Rico, the individual partners being liable also, they may be joined as parties with the firm.

Equity Practice—Discovery.

    2. Where discovery is asked as a means of disclosing fraud, jurisdiction lies.

Practice—Foreign Corporation.

    3. Where local laws provide fines for not procuring license and the like, but do not make the contract void, compliance with local laws is immaterial to remedy in the Federal court.

Interstate Commerce—Local Legislation.

    4. Where the matter at issue concerns a foreign corporation and its local agent, there can be no regulation by local law.

The Spool Cotton Co. v. Gandia.

Interstate Commerce—Collection by agent.
>  5. An agent cannot collect money belonging to a foreign principal and then claim that that principal is doing illegal local business.

Opinion filed July 6, 1920.

---

*Mr. H. G. Molina* for plaintiff.

*Mr. José A. Poventud* for defendant.

HAMILTON, Judge, delivered the following opinion:

1. The motion seeks to dismiss because under the Porto Rican law a partnership is considered a legal entity, and therefore the partners should not be joined. Code of Commerce, 116. This, however, is a suit in equity and there may be proper parties as well as necessary parties. There seems to be no impropriety in joining the partners with the firm. It has been held in this court, moreover, that where certain persons are named as doing business under a certain name the suit is really against the individuals. Saxe v. Dooley, 7 Porto Rico Fed. Rep. 624, 625. Equity Rule 37 requires that every action shall be prosecuted in the name of the real party in interest. The Code of Commerce makes partners individually liable for firm debts, although the firm debt may have to be paid primarily out of the partnership assets.

2. The motion to dismiss first alleges that no ground is shown for an accounting inasmuch as a specific sum is mentioned as due. It would appear, however, that the sum is mentioned only provisionally, possibly in order to show the jurisdictional amount. The law is that a general allegation of fraud is in-

The Spool Cotton Co. v. Gandia.

sufficient. Coll y Cuchi v. Arzuaga, 9 Porto Rico Fed. Rep. 201, 205. The relation of principal and agent alone is not sufficient to require resort to equity. There may be a remedy at law for fraud, but not if the discovery sought is solely within the knowledge of the defendant. Russell v. Clark, 7 Cranch, 69, 3 L. ed. 271. Under the old rule the bill for discovery must show its necessity and oath must not be waived to the discovery prayed for. Beggs v. Edison Electric Illuminating Co. 96 Ala. 298, 38 Am. St. Rep. 94, 11 So. 381. The case at bar, however, goes beyond these principles. Discovery is asked not by itself, but as a means of disclosing fraud which is alleged in such detail as lies within the knowledge of the plaintiff. It would seem that there is jurisdiction on this point.

3. The plaintiff is a foreign corporation and the motion to dismiss avers that plaintiff is not shown to have complied with the Porto Rican law as to registry, agency, and the like. The laws of Porto Rico require a license from the treasurer. P. R. Pol. Code, § 353, ¶ 2; Private Corporation Act of March 9, 1911, §§ 37, 38, 40. Section 38 denies remedy in Porto Rico for a contract, unless such qualification has been effected. Section 40 makes it a misdemeanor to do business without such qualification. Section 41 requires certain reports. None of these things are alleged in the bill to have been done, and a motion is now made to dismiss the bill on that account. Where license is required for carrying on a particular business an agreement made without such license is void. Miller v. Ammon, 145 U. S. 421, 36 L. ed. 759, 12 Sup. Ct. Rep. 884. If the local law provided that the contract should be void, it would raise a question which is not in the present case. The local laws seem only to enforce a fine and to deny recourse to the local courts. This is within the right of local legislation. But, un-

less the contract is declared void, there is **no ground under** this legislation for denying recourse to the Federal courts. Harris v. Runnels, 12 How. 79, 13 L. ed. 901.

4. And it is to be remembered that local legislation cannot deny the existence of a foreign corporation, whatever may be the right of controlling the business of the corporation within the local limits. A foreign corporation has a right to carry on business authorized by its charter, subject to any proper restriction, but there can be no local restriction as to interstate commerce. All the business alleged by the plaintiff, so far as concerns the defendant, is by correspondence through the United States mails, or at most shipping goods from Porto Rico to the United States, which must from the necessity of the case be interstate commerce. The bill in question is not one brought to enforce any contracts declared illegal by the Porto Rican statute, but for matters concerning only the principal and agent, whose relations are interstate. Allen v. Alleghany Co. 196 U. S. 458, 49 L. ed. 551, 25 Sup. Ct. Rep. 311; Butler Bros. Shoe Co. v. United States Rubber Co. 84 C. C. A. 167, 156 Fed. 1.

5. Furthermore, no matter how technically illegal contracts made by the plaintiff might be with people in Porto Rico, there is no illegality in trying to collect what is due from its agent. The Porto Rican statutes cannot be construed so as to enable an agent to get hold of money that belongs to somebody else and reply to a suit to force payment that this is doing business and that the principal is not entitled to do business in Porto Rico. It is true that a single act of loaning by a mortgage loan company amounts to doing business; but seeking an account from an agent is not doing business prohibited by

any statute. Chattanooga Nat. Bldg. & L. Asso. v. Denson, 189 U. S. 408, 47 L. ed. 870, 23 Sup. Ct. Rep. 630.

Upon the whole, it would seem that the motion to dismiss is not well taken, and therefore it is overruled.

It is so ordered.