(No. 20421.—

ORPHA ANDERSON, Appellee, *vs.* THE INTER-STATE BUSI-
NESS MEN'S ACCIDENT ASSOCIATION, Appellant.

*Opinion filed February 18, 1931.*

MOSES, KENNEDY, STEIN & BACHRACH, (WALTER
BACHRACH, and ALBERT LANGELUTTIG, of counsel,) for
appellant.

LEE D. MATHIAS, and CLYDE L. TODD, for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the
court:

Orpha Anderson recovered a judgment in the superior
court of Cook county against the Inter-State Business Men's
Accident Association of DesMoines, Iowa, a corporation,
for $7656.25. The defendant, asserting the violation of
certain of its constitutional rights, prosecuted an appeal
directly to this court.

On July 15, 1918, the Inter-State Business Men's Acci-
dent Association of DesMoines, Iowa, issued a policy of

accident insurance to Ralph A. Anderson, of Traverse City, Michigan. Anderson was engaged in the business of an undertaker in that city, and arrived in Chicago on June 9, 1919. On the evening of the next day he engaged passage on a steamship bound for Grand Haven and Muskegon, Michigan. He was last seen aboard the steamship after it had sailed from Chicago. On August 8, 1919, the appellee, his wife, the beneficiary of the death indemnity, gave the insurer notice of his death. Liability upon the policy was denied and the present suit was instituted.

Pursuant to the requirements of a statute of the State of Michigan entitled "An act establishing standard provisions and conditions to be contained in policies insuring against accidental bodily injury and disease, issued by companies authorized to do business in this State, repealing all acts or parts of acts contravening the provisions of this act, and providing a penalty for the violation hereof," (2 Comp. Laws of Michigan 1915, p. 3406), the policy contained the following, among other, provisions:

"In the event of accidental death immediate notice thereof must be given to the association. Such notice given by or in behalf of the insured or beneficiary as the case may be, to the association at its home office in the city of Des-Moines, Iowa, or to any authorized agent of the association, with particulars sufficient to identify the insured, shall be deemed to be notice to the association. Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

"Affirmative proof of loss must be furnished to the insurer at its said office in case of claim for loss of time from disability within ninety days after the termination of the period for which the insurer is liable, and in case of claim for any other loss within ninety days after the date of such loss."

There was no provision in the policy that, upon failure to give notice as stipulated, the rights of the beneficiary would be forfeited.

At the request of the appellee, the court gave the jury the following instruction:

"If you believe from the preponderance of the evidence that Ralph A. Anderson was insured by the defendant by the policy of insurance offered in evidence in this case, and that on the night of the 10th day of June, or the morning of the 11th day of June, 1919, he came to his death in Lake Michigan by reason of physical injuries effected by accidental means independently of all other causes, and that within a reasonable time thereafter the plaintiff delivered or caused to be delivered to the defendant notice and proof of death of the said Ralph A. Anderson then you should find the issues in favor of the plaintiff."

It is contended that, by giving this instruction, the trial court ignored the statute of the State of Michigan which required proof of loss to be furnished within ninety days after the loss occurred with the result first, that full faith and credit were not given to the statute and, second, that the appellant was deprived of property without due process of law. The direct appeal to this court rests upon these contentions.

Notice of Anderson's death was given to the appellant within fifty-nine days after the former's disappearance. The questions whether that notice was sufficient and whether it complied with the provisions of the policy in respect to proof of death or loss are not constitutional in character. The court, by giving the instruction to which objection is made, did not deny the validity of the statute which the appellant invokes. The statutory provision was incorporated in the policy and the court, by the instruction, merely construed the provisions of the policy concerning notice and proof of death. Even if it should be granted that the court's construction of the policy was erroneous, full faith

and credit were not, on that account, denied to the statute. *Banholzer* v. *New York Life Ins. Co.* 178 U. S. 402; *Johnson* v. *New York Life Ins. Co.* 187 id. 491; *Finney* v. *Guy,* 189 id. 335; *Allen* v. *Alleghany County,* 196 id. 458; *Western Indemnity Co. of Illinois* v. *Rupp,* 235 id. 261.

The trial court had jurisdiction of the subject matter of and the parties to the present suit. Both the appellant and the appellee were fully heard in the regular course of judicial proceedings. In such a situation an erroneous decision does not deprive the unsuccessful party of his property without due process of law. *Walker* v. *Sauvinet,* 92 U. S. 90; *Head* v. *Amoskeag Co.* 113 id. 9; *Morley* v. *Lake Shore Railroad,* 146 id. 162; *Bergmann* v. *Backer,* 157 id. 655; *Central Land Co.* v. *Laidley,* 159 id. 103.

No ground for a direct appeal to this court exists and the cause is, for that reason, transferred to the Appellate Court for the First District.

*Cause transferred.*