### WINTER v. KOON, SCHWARZ & CO. et al.

(Circuit Court, D. Oregon. August 4, 1904.)

No. 2,842.

**1. JURISDICTION OF FEDERAL COURTS—NONRESIDENT DEFENDANTS—SERVICE OUTSIDE OF DISTRICT.**

Service on a nonresident defendant outside of the district of suit is only authorized in a federal court in cases within section 8 of Act March 3, 1875, c. 137, 18 Stat. 472 [U. S. Comp. St. 1901, p. 513], amendatory of Rev. St. § 738, affecting property within the district; and in no other case can the court acquire jurisdiction of a defendant by such service.

On Motion to Set Aside Service.

Wm. M. La Force, for plaintiff.

C. E. S. Wood, S. B. Linthicum, and J. C. Flanders, for defendants Koon, Schwarz & Co.

BELLINGER, District Judge. This is a motion made by the defendants Koon, Schwarz & Co., upon their special appearance, to set aside the service made upon them without the district. The suit is one to restrain the use of what is alleged to be the plaintiff's trade-mark, and to enjoin the defendants from interfering with the plaintiff's use of such trade-mark. The plaintiff is a citizen and

resident of the state of Washington, and the defendants Koon, Schwarz & Co. are citizens and residents of the state of Pennsylvania, doing business at Philadelphia. It is alleged that the two defendants have conspired with each other to injure and defraud the plaintiff by the use of the plaintiff's said trade-mark and labels upon the goods of the defendant the Union Fishermen's Co-operative Packing Company. Service was had upon the defendants Koon, Schwarz & Co. in the state of Pennsylvania.

Section 738 of the Revised Statutes of the United States, as amended, provides, among other things, as follows:

"That when in any suit, commenced in any Circuit Court of the United States, to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of, or found within, the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, by a day certain to be designated, which order shall be served on such absent defendant or defendants, if practicable, wherever found, and also upon the person or persons in possession or charge of said property, if any there be. * * * But such adjudication shall, as regards said absent defendant or defendants without appearance, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein, within said district."

There is no other provision of the statute which authorizes service upon a defendant outside of the district in which the suit is brought, and in these cases any judgment in the action is effective only in respect to property within the district.

The case is in no wise altered by the fact that the plaintiff alleges a conspiracy between the two defendants to commit the acts complained of. Jurisdiction of the person is not a matter of pleading in a case like this.

The motion of Koon, Schwarz & Co. to set aside the service heretofore made upon them in the state of Pennsylvania is allowed.