## WAGNER ELECTRIC MFG. CO. v. LYNDON et al.

(Circuit Court of Appeals, Eighth Circuit. July 5, 1922. Rehearing Denied September 18, 1922.)

### No. 5999.

1. **Courts ⚖═508(3)—Federal court may not enjoin enforcement of state court judgment for error in applying law.**

While a national court may enjoin enforcement of a judgment of a state court, if inequitable, or for fraud practiced on the court, or when the state court was without jurisdiction of the person, or the subject-matter, such relief cannot be granted, based on the Fourteenth Amendment, because the state court erred in its application of the law, where its jurisdiction of the parties and subject-matter were admitted, especially where the state Supreme Court affirmed the judgment.

2. **Constitutional law ⚖═316—That judges hearing argument called in another to write opinion did not deny any right under Fourteenth Amendment.**

As, under Const. Mo. art. 6, § 2, two members of a division of the Supreme Court constituted a quorum and had authority to decide appeals, the fact that they called in a third judge, who had not heard the argument, but who wrote the opinion in which they concurred, did not deny any right under the Fourteenth Amendment, as the opinion was the opinion of the judges hearing the argument.

Appeal from the District Court of the United States for the Eastern District of Missouri; Martin J. Wade, Judge.

Suit by the Wagner Electric Manufacturing Company against Lamar Lyndon and others. From a decree dismissing the bill, plaintiff appeals. Affirmed.

Charles A. Houts, of St. Louis, Mo. (Thomas J. Cole and Albert Blair, both of St. Louis, Mo., on the brief), for appellant.

Lawrence C. Kingsland, of St. Louis, Mo. (John D. Rippey, of St. Louis, Mo., on the brief), for appellee Lyndon.

Clarence T. Case, of St. Louis, Mo., for appellee Mohrstadt.

Before CARLAND, Circuit Judge, and TRIEBER and MUNGER, District Judges.

TRIEBER, District Judge. This is an appeal from a decree sustaining a motion to dismiss the bill of complaint and dismissing the bill, with costs. The bill is very voluminous, and there are a large number of assignments of error, mostly repetitions. The facts as charged in the bill may be briefly stated as follows:

The appellant had entered into a contract with the appellee Lamar Lyndon. Lyndon claiming an indebtedness due him from appellant on this contract, instituted an action against it in the circuit court of the city of St. Louis, state of Missouri, and upon a trial to a jury recovered a verdict for the amount claimed on a peremptory direction by the court. From this judgment it appealed to the Supreme Court of the state of Missouri, which affirmed the judgment of the lower court. Upon the filing of the mandate of the Supreme Court in the circuit court, an execution was issued, directed and delivered to the appellee Mohrstadt, sheriff of the city of St. Louis, who collected it; the ap-

pellant paying it to him. Thereupon this action was instituted in the District Court. The prayer of the bill is to enjoin the appellee sheriff from paying the money collected by him from the plaintiff under the execution, and that plaintiff be adjudged to have this money returned to him, and that the defendants be directed to release all claims thereto.

The only substantial grounds relied on by the plaintiff for the relief are that the trial judge in the action in the state court had no right to direct a verdict in favor of the plaintiff, as there was no evidence to warrant it, and by reason thereof appellant was deprived of rights guaranteed to it by the Fourteenth Amendment. The other ground is that at the hearing of the appeal in the Supreme Court of Missouri, which was had before one of the divisions of the court, as may be done under the Constitution of that state (article 6, § 5), only two of the three members of the division were present at the oral argument; but, while this appeal was under consideration, the two Justices who heard the oral argument called in the third Justice, and it was this Justice who prepared the opinion of the court. This, it is claimed, deprives him of a right under the Fourteenth Amendment.

There are other assignments of error, but they are not of sufficient importance to require consideration. Counsel for appellant frankly stated to this court in his oral argument that he has been unable to find any authority on either of the issues of law contended for by him. This is not surprising. Although the Fourteenth Amendment to the Constitution has been invoked on almost every conceivable question which the ingenuity of counsel could think of, it remained for counsel for appellant to invoke it upon the facts set out in its bill of complaint.

[1] While a national court may enjoin enforcement of a judgment of a state court, if inequitable and for fraud practiced on the court, Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. 62, 35 L. Ed. 870, and cases following it, or when the state court was without jurisdiction of the person or the subject-matter, as in Simon v. Southern Railway Co., 236 U. S. 115, 35 Sup. Ct. 255, 59 L. Ed. 492, no court has ever held that such relief could be granted, because the state court erred in the application of the law at the trial of the cause; its jurisdiction of the parties and subject-matter being admitted, especially after the Supreme Court of the state, on appeal, had affirmed it. Hartford Life Ins. Co. v. Johnson, 268 Fed. 30, decided by this court and authorities there cited. Counsel seems to be of the opinion that Fayerweather v. Ritch, 195 U. S. 276, 25 Sup. Ct. 58, 49 L. Ed. 193, sustains his contention. The question involved in that cause was whether the plea of res judicata set up by the defendant, under a judgment of a state court, was good, and the plea was held to have been properly sustained by the trial court. There is nothing in the opinion in that case in any wise affecting the issues involved in the instant case.

[2] That the opinion of the Supreme Court on the appeal was prepared by a member of the court, who did not hear the oral argument, is equally without merit. Assuming that the third judge should not have participated in the decision, a question unnecessary to determine, still, as the two judges who heard the argument concurred in the result, it is as much their opinion as that of the judge who prepared it. The two

judges constituted a quorum of the court, and may, under the Constitution of Missouri, decide appeals with the same effect as if all the judges had heard the oral argument and decided the appeal. As the appeal was submitted to the Supreme Court on briefs as well as oral argument, the third judge had the benefit of the briefs and appellant's arguments.

The conclusion reached makes it unnecessary to determine whether a court of the United States may grant an injunction against a sheriff involving property in his possession, seized under an execution of a valid judgment, valid on its face, which is admitted to be the property of the defendant in execution and by him paid or delivered to the sheriff. But see American Association v. Hurst, 59 Fed. 1, 7 C. C. A. 598 (6th Circuit); National Surety Co. v. State Bank, 120 Fed. 593, 56 C. C. A. 657 (8th Circuit), 61 L. R. A. 394; United States v. Morris (D. C.) 262 Fed. 514.

The decree is affirmed.