## LYDICK v. NEVILLE.

(Circuit Court of Appeals, Eighth Circuit. February 26, 1923.)

No. 6110.

1. **Receivers ⬤�top59—Appointment by court having jurisdiction cannot be attacked collaterally.**

Where a federal court had jurisdiction of the subject-matter and the parties, its appointment of a receiver cannot be attacked collaterally on the ground that the allegations of the bill were not sufficient.

2. **Courts ⬤�to497, 508(2)—Federal court without power to enjoin state court from proceeding in attachment suit or to interfere with property.**

Where a writ of attachment from a state court had been levied on property of a corporation, a federal court in which a suit was later commenced for appointment of a receiver for the corporation was without power to enjoin the state court from proceeding in the suit therein, or to interfere with its possession of the property.

3. **Courts ⬤⟿508(2)—Federal court held without jurisdiction to enjoin action in state court.**

A subscriber to stock of a corporation in part payment for which he gave his negotiable note, brought an action in a state court to recover the amount paid, including that represented by the note, on the ground that his subscription was obtained by fraud. *Held*, that the fact that a receiver for the corporation, later appointed by a federal court, had possession of the note, did not authorize that court to enjoin the action in the state court, but that the receiver might appear and defend the state action, and if defeated, surrender the note in reduction of the recovery.

4. **Courts ⬤⟿508(2)—Federal court held without jurisdiction to enjoin action in state court.**

A federal court, which appointed a receiver for a corporation, *held*, under Judicial Code, § 265 (Comp. St. § 1242), without jurisdiction to enjoin prosecution in a state court of an action against the corporation pending when the receivership suit was brought.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Suit in equity by Keith Neville, receiver of the Skinner Packing Company, against Samuel Lydick. From an order refusing to dissolve a restraining order and granting a preliminary injunction, defendant appeals. Reversed.

Grenville P. North, of Omaha, Neb. (Fay H. Pollock and Michael L. Donovan, both of Omaha, Neb., on the brief), for appellant.

Arthur F. Mullen, of Omaha, Neb. (W. C. Fraser and William Ritchie, both of Omaha, Neb., on the brief), for appellee.

Before LEWIS, Circuit Judge, and TRIEBER and BOOTH, District Judges.

TRIEBER, District Judge. This is an appeal from an interlocutory order refusing to grant the petition of the appellant to dissolve a temporary restraining order, and granting an interlocutory injunction enjoining appellant from prosecuting an action instituted by him in the district court of Douglas county, state of Nebraska, against the

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Skinner Packing Company. The facts so far as necessary to an understanding of the issues involved are:

On April 15, 1921, a number of stockholders of the Skinner Packing Company, who were all citizens of the state of Nebraska, instituted a suit in the court below against the Skinner Packing Company, a corporation created and existing under the laws of the state of Maine, all of whose property is situated and its business carried on in Douglas county, state of Nebraska, charging that said company had sold a large number of shares of its capital stock to citizens and residents in the state of Nebraska; that through its officers the affairs of the corporation were mismanaged, paying excessive salaries to some of its officers under contracts for 20 years, and otherwise dissipating the assets of the corporation; that it had erected, at a large cost, a packing house, but is not operating the same, although retaining a large number of employees at excessive salaries. There are many other charges of waste and mismanagement, which it is unnecessary to set out in this statement of facts, but which show a great waste of the corporation's assets, and also fraudulent acts on the part of its officers. It is further charged in that bill that the stock subscribed is approximately $7,000,000, and its principal assets are a packing plant and the land surrounding it, of the value of $3,000,000, a cold storage plant representing an investment of about $1,000,000, and notes given by stockholders in part payment of their subscriptions for the capital stock of the company, amounting to about $1,200,000; that it had also authorized a bond issue of $2,000,000 to be secured by a mortgage on all its property, and that the officers are about to sell $500,000 of these mortgage bonds at a ridiculously low price; that there are creditors having liens on the packing plant in the approximate sum of $25,000, and on the cold storage plant for about $18,000, which they are threatening to foreclose; that it owes other debts, amounting to about $300,000, irrespective of suits and claims by stockholders. Each of the plaintiffs is the holder of the stock of the corporation for more than $3,000. The prayer of the bill is for the appointment of a receiver in order to preserve and hold intact the corporate property, prevent great loss to the stockholders, and the usual prayer for injunction, etc. An answer was filed by the company, but in this proceeding it is only necessary to state that the corporation in its answer, while denying the charges of fraud and mismanagement, admits the necessity of the appointment of a receiver for the protection and preservation of the property, and joins in the prayer therefor.

On April 25, 1921, the appellee was appointed as a receiver, with the usual powers. On February 20, 1922, the receiver asked for authority to bring suit against the makers of the notes executed to the corporation in part payment of the stock they purchased and foreclose the liens on the stock given as collateral security therefor; the notes having come into the possession of the receiver by virtue of his appointment. This authority was granted on the same day. On May 20, 1922, the appellee filed in the court below a dependent bill against appellant to recover on a negotiable note for the sum of $6,120 executed by him to the corporation on March 1, 1920, payable 12

months after date, with 8 per cent. interest, which note, it is alleged, was given by appellant to the packing company in part payment of his subscription for 100 shares of 8 per cent. guaranteed stock of the corporation, the price he paid therefor was $125 a share, the face value of each share being $100. The balance of the purchase money he paid in cash at the time of his subscription under an agreement, providing that the shares of the stock were to be held by the company as collateral security for the payment of appellant's note, and to be delivered to him upon payment thereof. It is then alleged that on December 10, 1920, appellant instituted an action in the district court of Douglas county, state of Nebraska, against the corporation, to recover the amount he had paid for the stock, and the negotiable note he had executed in part payment, amounting in all to $12,500 and interest; that the note sued on by appellee was included in appellant's suit, although he had not paid it, and it is now in the receiver's hands by virtue of the order and decree of the court appointing him, and unless payment is enjoined by the court the rights of said note would be adjudicated by the state court, and thereby oust the federal court of the jurisdiction to property in its possession through its receiver. He also prays judgment against the appellant for the amount of the note, with 8 per cent. thereon, and that, if the judgment is not paid the stock, pledged as collateral to secure the note, be sold, and the proceeds thereof applied on the judgment. On the day this bill was filed the temporary restraining order was granted on the ex parte application, and the motion of appellant to dissolve the temporary restraining order and injunction, filed at a later day, was by the court denied.

The only allegations of the appellant in the motion to dissolve the temporary injunction, which it is necessary to set out on this hearing, are that on January 18, 1921, several months before the filing of the complaint in the court below asking for the appointment of a receiver of the company's property, he had instituted his action in the district court of Douglas county, Neb., and upon filing the proper affidavit and bond that court directed an attachment to be issued to the sheriff of Douglas county, directing him to attach sufficient property of the defendant packing company to satisfy the claim of appellant for the sum of $14,112; that the writ of attachment was issued out of the district court for Douglas county in said action, and the sheriff of Douglas county, in obedience to the writ, levied upon the packing plant of the company; that said suit is still pending in the state court, that court having jurisdiction of the parties and the subject-matter.

It is further alleged in the motion that the said action in the state court is to recover the money he paid for the stock and the negotiable note which he had executed in part payment thereof; that before he instituted said suit he had advised the corporation that he rescinded the subscription for and purchase of the stock, which, it is alleged, he was induced to make on fraudulent representations of the officers of the packing company, and had demanded the return of the money he paid and the negotiable note for the unpaid part, which was refused. It is then claimed that, his suit in the state court

having been instituted and the property of the corporation attached by order of said state court long prior to the filing of the complaint in this cause in the District Court of the United States for the District of Nebraska, said attached property was in the possession of the state court at the time the action in the national court was instituted, and for this reason the court is without jurisdiction or power to interfere with his proceeding in the action pending in the state court. He also claimed in said motion that the court below was without jurisdiction to enjoin the suit in a state court instituted prior to the filing of the bill for the appointment of a receiver under the provisions of section 265 of the Judicial Code (Comp. St. § 1242). He also attacked the decree of the federal court appointing the appellee as receiver for the reason that the allegations in the bill asking for the appointment of a receiver are not sufficient to entitle the plaintiffs therein to the appointment of a receiver.

The assignment of errors relied on in argument necessary for the determination of this appeal are three, although there are a number of others set out in the assignment of errors:

(1) That the court below was without jurisdiction to appoint appellee as receiver, as the allegations in the bill are not sufficient to warrant it, and therefore the order appointing the receiver is void and subject to collateral attack.

(2) That the proceeding in the state court having been instituted and the property attached long before the action for the appointment of a receiver was filed in the court below, the receiver, if properly appointed, took the property subject to the attachment lien, and that the court was without jurisdiction to interfere with the possession by the state court of the property attached.

(3) That the injunction restraining appellant from proceeding with his cause of action in the state court which had been instituted long prior to the filing of the bill in equity asking for appointment of a receiver in the court below, was in violation of Section 265 of the Judicial Code.

[1] I. As to the jurisdiction of the court below to entertain the bill for the appointment of a receiver, the bill of complaint shows that there was a diversity of citizenship, that the amount claimed by each plaintiff exceeded $3,000, and that the property of the packing company was in the state of Nebraska, and within the jurisdiction of the court. This clearly gave the court below jurisdiction to entertain the action. Whether the court erred in holding that the bill stated a proper cause for the appointment of a receiver does not affect its jurisdiction, so as to permit a collateral attack on its interlocutory order. For even if there was error, and we do not believe there was, it could only be corrected by appeal. In Hartford Life Insurance Co. v. Johnson (C. C. A.) 268 Fed. 30, and Wagner Electric Co. v. Lyndon (C. C. A.) 282 Fed. 219, we had occasion to review the authorities on that subject, and therefore they need not be cited in this opinion.

[2] II. The state court having first obtained jurisdiction of the cause and possession of the property by the seizure under the writ of

attachment the court below erred in interfering by injunction with this possession. This has been so frequently determined by the Supreme Court, as well as this and other national courts, that it is no longer an open question. Byers v. McAuley, 149 U. S. 608, 614, 13 Sup. Ct. 906, 37 L. Ed. 867; Farmers' Loan & Trust Co. v. Lake Street Elevated Railroad, 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667; Julian v. Central Trust Co., 193 U. S. 93, 24 Sup. Ct. 399, 48 L. Ed. 629; Wabash Railway Co. v. Adelbert College, 208 U. S. 38, 28 Sup. Ct. 182, 52 L. Ed. 379; Lang v. Choctaw Railroad, 198 Fed. 38, 118 C. C. A. 146; Mississippi Valley Trust Co. v. Railway Steel Spring Co., 258 Fed. 346, 169 C. C. A. 362; McKinney v. Kansas Natural Gas Co. (D. C.) 206 Fed. 772, affirmed by this court 209 Fed. 300, 126 C. C. A. 226; Essanay Film Co. v. Kane, 258 U. S. 358, 42 Sup. Ct. 318, 66 L. Ed. 658.

[3] But it is claimed on behalf of appellee that as the receiver has actual possession of the note the court appointing him has jurisdiction to protect it. The note is only an incident of the action in the state court. The appellant in his action sued for the money he paid on fraudulent representations by the company, and the note being a negotiable instrument, on which he would be liable, if in the hands of an innocent holder, and not knowing whether it is still in the possession of the original payee, the packing company having refused to return it, he had a right to treat it as a payment by him, and include it in the amount sued for. The receiver can make himself a party to the suit in the state court and plead all the defenses the corporation could have pleaded, and if the note is shown to be still in his possession he can plead that fact, and we have no right to presume that if plaintiff succeeds in his action the state court would permit the plaintiff in that action to recover the amount of the note, but would only render judgment for the amount the appellant paid in cash on the purchase of the stock upon the surrender of the note.

[4] III. The injunction enjoins appellant from prosecuting his suit in the district court of Douglas county, a suit instituted before the court below had obtained jurisdiction several months before by the filing of the suit against the packing company and therefore clearly in violation of section 265 of the Judicial Code. The law favors the diligent suitor. The fact that appellee, as stated by counsel in his argument prefers to try the action as to the validity of appellant's stock subscription in the national court, does not deprive appellant from exercising the same privilege in the selection of the forum in which he desires to try it. The packing company being a foreign corporation, the appellant a citizen and resident of the state of Nebraska, and the amount involved exceeding $3,000, it had the right, if it preferred to try the action, instituted against it by the appellant, in a national court, to remove it to that court from the state court. It declined to do so, and the receiver when appointed only stepped into its shoes.

The order granting the temporary injunction should be reversed, and as the record shows beyond question that the dependent bill against the appellant is without equity it should be dismissed, but the

dismissal should be without prejudice to appellee to intervene in the action in the state court and make any defenses thereto which he is advised are proper.