## WATTS et al. v. ALEXANDER, MORRISON & CO., Inc., et al.

District Court, E. D. New York. July 20, 1929.

No. 4241.

Isidor Unger, of New York City, for plaintiffs.

Leo Levy, of New York City (Merritt Lane, of Newark, N. J., and C. Arthur Levy,

and Leo Levy, both of New York City, of counsel), for defendant Vanderbilt.

GALSTON, District Judge. The defendant Arthur T. Vanderbilt moves for a dismissal of the complaint on various grounds which will be hereinafter considered.

The action was begun by the plaintiffs, residents of New York, in the Supreme Court of the state of New York, as stockholders of Alexander, Morrison & Co., Inc., a corporation of the state of New Jersey, to compel the defendants to account to the said Alexander, Morrison & Co., Inc., a defendant in the action. On the application of the defendant Arthur T. Vanderbilt, the action was removed to this court.

It is alleged in the complaint that the defendant Arthur T. Vanderbilt, acting in concert with the other named defendants, and assuming and exercising all of the functions of the board of directors of Alexander, Morrison & Co., Inc., conspired to and did cause the filing of a bill of complaint in the Federal District Court for the District of New Jersey, to procure the appointment of a receiver of Alexander, Morrison & Co., Inc., and did procure the appointment of such a receiver, and a sale of its business and assets, in disregard of the rights and interests of the creditors and stockholders of that company, and to their injury and damage. It alleges further that the bill of complaint thus procured to be filed was false, fraudulent, and untrue in material respects, and was known to be fraudulent and untrue by the defendants Vanderbilt, Dechant, and the Capital Brass Works; that the defendant Vanderbilt thereafter procured an answer to be executed by the treasurer of Alexander, Morrison & Co., Inc., admitting the allegations of the complaint, and joining in the prayer of the bill of complaint for the appointment of a receiver, but was not acknowledged by the treasurer; that the acknowledgment was obtained in the absence of the treasurer and without the latter's knowledge or consent.

Further allegations of the complaint herein set forth that the board of directors of Alexander, Morrison & Co., Inc., had held no meetings with reference to the execution of the said answer and never authorized its execution. The plaintiffs here further allege that on the aforesaid pleadings and on the unauthorized appearance of one George R. Somers, solicitor for Alexander, Morrison & Co., Inc., an order was made and entered by the United States District Court for the District of New Jersey, appointing the defendant James T. MacMurray as equity receiver. It is alleged that the order for the appointment of such equity receiver was procured by fraud and imposition upon the court, without disclosing the falsity of the bill of complaint to the court, and without informing the court that the answer of the defendant Alexander, Morrison & Co., Inc., was not authorized by the corporation. Other items of fraud are alleged in connection with the procurement of the receiver.

The complaint herein then alleges that, to forestall any action on the part of the dissenting stockholders of the said Alexander, Morrison & Co., Inc., the said Vanderbilt procured a petition in involuntary bankruptcy against the said defendant Alexander, Morrison & Co., Inc., to be filed; that the time to answer the petition in bankruptcy was extended from time to time by way of forestalling action of the stockholders and directors of Alexander, Morrison & Co., Inc., to interfere with the receivership proceedings in equity.

Further allegations are made that, pending the alleged unlawful receivership, negotiations were instituted by the defendants Vanderbilt and Dechant for an alleged reorganization of the defendant company, and various offers were made to the stockholders and creditors of Alexander, Morrison & Co., Inc., but that such negotiations were not in good faith and were solely for the purpose of forestalling action by the stockholders or creditors of Alexander, Morrison & Co., Inc., until the receiver became vested with full ownership and possession of the assets of said defendant company. It is alleged that the sale made of those assets by the receiver realized for the creditors of Alexander, Morrison & Co., Inc., less than 40 per cent. of the face amount of their claims, and left nothing whatever for the stockholders; and that, by reason of the fraud, conspiracy, and misappropriation of assets, participated in by the defendants herein other than Alexander, Morrison & Co., Inc., that corporation was deprived of its assets, property, business, and good will, to its damage in the sum of $500,000.

It is further alleged that the board of directors of Alexander, Morrison & Co., Inc., for over five years last past has not functioned, and there is now no existing board of directors of said corporation; that the defendant Vanderbilt dominated and controlled said corporation since prior to the 1st day of February, 1923; and that demand upon him to institute this action would be useless, and indeed that said Vanderbilt has refused to take any action in the premises

68

and has insisted upon the legality of all his acts.

So the plaintiffs by prayer seek to have the defendants, other than the defendant Alexander, Morrison &·Co., Inc., account to the defendant Alexander, Morrison & Co., Inc., for any and all losses sustained by said corporation arising out of the illegal acts complained of.

No answer or appearance has been filed herein by any of the defendants, nor has any defendant appeared, except the defendant Vanderbilt, who makes this motion to dismiss the bill of complaint.

He urges, first, that, since this is a representative suit for the benefit of all stockholders of Alexander, Morrison & Co., Inc., that the said Alexander, Morrison Co., Inc., is an indispensable party to this action, and plaintiffs' failure to serve said corporation and the impossibility of serving said corporation justify a dismissal of this action. The plaintiffs do not contend that Alexander, Morrison & Co., Inc., is not an indispensable party, but they assert that the fact that Alexander, Morrison & Co., Inc., has not been served with process does not appear upon the face of the complaint, and therefore should not be considered on this motion. Such position would be unanswerable were it not for the further contention of the defendant Vanderbilt that from the face of the complaint it does appear that it was, is, and will be impossible in this action for the plaintiffs to serve that corporation.

■ From the complaint, paragraph "thirty-eighth," it appears that the receiver appointed in 1924 sold the business and assets of Alexander, Morrison & Co., Inc. In paragraph "forty-first" of the complaint, it is alleged that the board of directors of that company has not functioned for over five years last past, and indeed that there is no existing board of directors of that corporation. Thus it is difficult to see how any one could be served with process in any action brought against the corporation.

How then can this defendant Alexander, Morrison & Co., Inc., a foreign corporation, be brought before this court by the service of process?

In Peterson v. Chicago, Rock Island & Pacific R. Co., 205 U. S. 364, 27 S. Ct. 513, 522, 51 L. Ed. 841, it is said: "It is settled by the decisions of this court that foreign corporations can be served with process within the State only when doing business therein, and such service must be upon an agent who represents the corporation in its business. St. Clair v. Cox, 106 U. S. 350, 1 S.

Ct. 354, 27 L. Ed. 222; Goldey v. Morning News, 156 U. S. 518, 521, 522, 15 S. Ct. 559, 39 L. Ed. 517, 519; Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 S. Ct. 728, 47 L. Ed. 1113."

Since the business and all of the asests of the corporation were sold and no board of directors has functioned for over five years and there is no existing board of directors, it must follow that the corporation is not doing business in the Eastern district of New York.

■ If it be urged that the corporation could be served by publication, a sufficient answer to that is found in the provisions and interpretations of the Judicial Code and Judiciary, U. S. Code, tit. 28 (28 USCA) § 118 (Rev. St. §§ 738, 742; March 3, 1875, c. 137, § 8, 18 Stat. 472; March 3, 1911, c. 231, § 57, 36 Stat. 1102). It has been held that service on a nonresident defendant outside of the district of suit is authorized in a federal court only in cases specified in that section; and in no other case can they acquire jurisdiction of a defendant by such service. Cely v. Griffin (C. C.) 113 F. 981; Winter v. Koon, Schwarz & Co. (C. C.) 132 F. 273.

■ Constructive service can only bring nonresidents within the jurisdiction of a federal court where there is a res in the control of the court, and then only for the sole purpose of adjudicating their rights, if any, to the res. First National Bank of Rome v. First National Bank of Jasper (C. C. A.) 264 F. 83.

Obviously the cause of action set forth in the complaint does not fall within the section of the statute referred to.

In Jones v. Gould et al. (C. C. A.) 149 F. 153, at page 159, the court said: "If, as we have held, the case was not one in which the court could obtain jurisdiction by service of process in another state or by publication of notice, it had no power to proceed. The defendants, who were indispensable parties were citizens and residents of other states as the bill stated; and a suit could not be brought against them by a citizen of Illinois in the Southern District of Ohio without their consent. Section 1, Act March 3, 1887, c. 373, 24 Stat. 552 (U. S. Comp. St. 1901, p. 508); St. Louis & San Francisco Ry. Co. v. McBride, 141 U. S. 127, 11 S. Ct. 982, 35 L. Ed. 659. They did not waive their privilege, which is enough to say; but they expressly dissented."

From the foregoing, therefore, it is difficult to see how this court can obtain jurisdiction over Alexander, Morrison & Co., Inc., a foreign corporation doing no business either in its home state or in any other state.

The defendant Vanderbilt urges the dismissal of the bill for failure to comply with Equity Rule 27. Equity Rule 27 provides: "Every bill brought by one or more stockholders in a corporation against the corporation and other parties founded on rights which may properly be asserted by the corporation, must be verified by oath and must contain an allegation * * * that the suit is not a collusive one to confer on a court of the United States jurisdiction of a case of which it would not otherwise have cognizance."

The complaint is verified, but there. is no allegation that the suit is not a collusive suit.

The plaintiffs seek to avoid the effect of this rule by urging that the action was brought in the state court, and was transferred against their will. This position of the plaintiffs is untenable, for it has been held that the rule applies even to actions which have been started in the state court and removed by the defendant to the federal court. Venner v. Great Northern Railway Co. (C. C.) 153 F. 408; Hitchings v. Cobalt Central Mines Co. (C. C.) 189 F. 241.

Of course, though the objection of the defendants is good, if it were only on this ground, the bill would not be dismissed without leave to the plaintiffs to amend, so as to cure the effect.

The next objection of the defendants to the bill, on the ground that it fails to recite with particularity the efforts of plaintiffs to have this action brought by the defendant company, has no applicability here, because it appears from the face of the bill, paragraph "forty-first," that the defendant Vanderbilt dominated and controlled the corporation, and that a demand upon him to institute an action would be useless, and moreover, says the bill of complaint, said defendant Vanderbilt has refused to take any action in the premises.

We now reach, however, another very serious criticism of the bill, and one which goes directly to the merits. The defendant argues that the bill should be dismissed because on its face it discloses a collateral attack upon the decree of the United States District Court for the District of New Jersey. To this contention the plaintiffs counter with the argument that the present suit is not "a collateral proceeding, but a direct attack upon the receivership order procured fraudulently and without service of process on the defendant, Alexander, Morrison & Co., Inc.," as stated in their brief. A reading of the complaint fails to sustain that showing. The complaint does not seek to set aside the decree of the United States District Court for the District of New Jersey, but, on the contrary, seeks an accounting from the defendants to the defendant Alexander, Morrison & Co., Inc. To show that they are entitled to an accounting, the plaintiffs would be compelled to support their allegations that the receivership in equity in that court was procured by fraud. Such an attack is not a direct attack, but a collateral attack.

In Board of Commissioners of Lake County v. Platt (C. C. A.) 79 F. 567, 573, it was said: "A direct suit may undoubtedly be maintained in a proper case, to set aside a judgment for fraud in procuring it. Gaines v. Fuentes, 92 U. S. 10, 21 [23 L. Ed. 524]; U. S. v. Norsch [C. C.] 42 F. 417; 1 Black, Judgm. § 321, and cases cited. But until such a suit is brought, and until such a decree of avoidance is rendered, the judgment of a state court which had jurisdiction of the subject-matter and of the parties is conclusive upon the merits of the controversies determined by that judgment between the parties and their privies in every court of the United States, and such a judgment cannot be collaterally impeached for fraud or collusion. [Peninsular] Iron Co. v. Eells, 32 U. S. App. 348, 15 C. C. A. 189, 201, and 68 F. 24, 35; Christmas v. Russell, 5 Wall. 290, 305 [18 L. Ed. 475]; Maxwell v. Stewart, 22 Wall. 77, 81 [22 L. Ed. 564]; Anderson v. Anderson, 8 Ohio, 108; Mason v. Messenger, 17 Iowa, 261, 272; Smith v. Smith, 22 Iowa, 516, 518; [Burlington & M.] Railway Co. v. Hall, 37 Iowa, 620, 622." See, also, Mayor, etc., of City of Helena v. United States ex rel. Water Works Co. (C. C. A.) 104 F. 113.

In Lydick v. Neville (C. C. A.) 287 F. 479, 482, the court held: "Whether the court [a state court of Nebraska] erred in holding that the bill stated a proper cause for the appointment of a receiver does not affect its jurisdiction, so as to permit a collateral attack on its interlocutory order. For even if there was error, and we do not believe there was, it could only be corrected by appeal. In Hartford Life Insurance Co. v. Johnson (C. C. A.) 268 F. 30, and Wagner Electric Co. v. Lyndon (C. C. A.) 282 F. 219, we had occasion to review the authorities on that subject, and therefore they need not be cited in this opinion."

Plaintiffs cite Nottebaum v. Leckie (C. C. A.) 31 F.(2d) 556, Frawley, Bundy & Wilcox v. Penn. Casualty Co. (C. C.) 124 F. 259, Hewitt v. Hewitt (C. C. A.) 17 F.(2d) 716, and Seay v. Hawkins (C. C. A.) 17 F.(2d)

710, but none of these cases holds that a decree of a foreign court can be collaterally attacked even when fraud is asserted.

Finally, the defendant Vanderbilt urges that the bill should be dismissed, since on its face it shows that the plaintiffs have been guilty of laches. This argument is not persuasive, for laches is generally regarded as a matter of defense, and should be interposed by answer.

However, on the two main grounds urged, that the complaint on its face shows that defendant Alexander, Morrison & Co., Inc., an indispensable party, cannot be served, and for the reason that the complaint on its face discloses an attempt collaterally to set aside or attack the decree of a foreign court, the motion to dismiss is granted.

In view of the fact that an indispensable party is beyond the reach of the jurisdiction of the court, it is useless for the court to grant leave to amend. Hyams v. Old Dominion Co. (D. C.) 204 F. 681.

Motion granted. Settle order on notice.